ATLAS LAND CORP., Respondent, *v.* DORA ETTINGER et al., Appellants.

First Department, March 2, 1954.

*Maurice J. McCarthy, Jr.,* for appellants.

*Louis Okin* of counsel (*Sohn & Okin,* attorneys), for respondent.

DORE, J. P. In this suit by plaintiff for a temporary and final injunction against defendants, the court on defendants' consent, without prejudice, granted a temporary injunction restraining defendants pending the trial and final determination of the action from discontinuing the heat heretofore supplied to plaintiff's premises from the premises owned by defendant, Dora Ettinger. The court in a separate order denied the defendants' cross motion to dismiss the complaint for insufficiency under subdivision 4 of rule 106 of the Rules of Civil Practice; from the order denying defendants' motion to dismiss, defendants appeal and the sole issue on appeal is the sufficiency of the complaint.

Defendant, Dora Ettinger, owns a four-story apartment house in the Bronx immediately contiguous to and south of plaintiff's property, a one-story building containing six stores. The parties acquired title to their respective properties from a common grantor; both buildings were heated from a heating plant in the building now owned by defendant Dora Ettinger; the deed conveying the property to her contained an express covenant under which she agreed to supply heat to the one-story building adjoining to the north (now owned by plaintiff) as long as heat was supplied to her own premises; and, in consideration thereof, the owner of plaintiff's premises agreed to pay the owner of the apartment building " its successors or assigns the sum of $300 per annum " with the privilege to the owner of plaintiff's building " to cancel this covenant and agreement upon giving three months' written notice to the then owner " of defendants' premises.

The common grantor retained possession of plaintiff's premises for seven years until 1946, and during such time heat was supplied by Dora Ettinger and the stipulated $300 paid. In

1946, the common grantor conveyed plaintiff's property with the stores to plaintiff under a deed making the transfer subject to the agreement to supply heat pursuant to the terms of the deed to Dora Ettinger's property. Dora Ettinger thereafter threatened to discontinue supplying heat to plaintiff's building and plaintiff instituted this action for an injunction.

We think defendants' motion to dismiss was properly denied. Irrespective of the existence or nonexistence of privity of contract, there is here privity of estate and under the allegations of the complaint, the covenant is such that a court of equity may enforce. Dora Ettinger accepted a deed to her property burdened by the requirement in question; that undertaking enured to the benefit of the grantor and its successor in interest, the plaintiff; and defendants recognized their obligation by supplying heat from 1939 to 1946, on payment of the amount stipulated in the deed. This court enforced a similar covenant requiring the supplying of heat in *Zemel* v. *1616 Corp.* (277 App. Div. 1098). On the facts alleged, the servitude imposed on defendant's building was retained by the grantor and is now owned by plaintiff; the contract was good between the original parties and, as plaintiff's property has no heating system, its violation would, under the facts alleged, work irreparable injury to plaintiff. It is not necessary that the covenant should be one technically running with the land in order that the covenant be enforced; the covenant does not contravene any rule of public policy nor is it incapable on proper proof of being enforced in a court of equity (*Hodge* v. *Sloan,* 107 N. Y. 244, 249, 250).

Plaintiff's suit does not seek to enforce the covenant against subsequent purchasers from the original grantee, Dora Ettinger (see *Miller* v. *Clary,* 210 N. Y. 127, 135); and there is here no necessary or absolute perpetuity involved. The covenant binds the original grantee, Dora Ettinger, only so long as she furnishes heat to her own property; and, as indicated above, there is another condition under which at the option of the owner of plaintiff's property the requirement may be ended. It is unnecessary on this motion to dismiss for insufficiency to decide now whether the covenant may be subject to implied contingencies for termination; on the state of facts alleged, within the limits of the covenant itself, we think plaintiff's complaint is sufficient (*Miller* v. *Clary,* 210 N. Y. 127, 136, *supra*).

Obviously there was mutuality between the parties to the deed from the common grantor to Dora Ettinger and the covenant was made conditional. Plaintiff has paid the $100 install-

ment due on November 1, 1952, and offers to pay the other installments subsequently due constituting the $300 required as a condition.

The complaint alleges that both defendants are threatening to discontinue the furnishing of heat, and, accordingly, although defendant, Max Ettinger, is only the superintendent and managing agent, the proof may show that he is active in preventing the codefendant from continuing to supply heat and therefore he is a proper party defendant.

The order appealed from should be affirmed, with costs to plaintiff-respondent.

CALLAHAN, J. (dissenting in part). Insofar as this action is one against Dora Ettinger, who is the original covenantor agreeing to supply heat, we need not now decide whether the covenant runs with her land. The plaintiff, as grantee of the store property, would seem to have the right to enforce the agreement as a personal covenant. This right would not rest merely on its privity with the former owner of the store property, but because plaintiff took its land "subject" to the covenant. As the agreement confers a benefit upon the plaintiff's property, the "subject" clause would seem to be equivalent to an assignment (*Bacon* v. *Grossman,* 71 App. Div. 574). Plaintiff, in possession of the store property, has adopted the covenant, which clearly was made for its benefit, and whether it touches on or concerns defendant's land or not, plaintiff would seem to have the right to enforce it (Restatement, Property, § 537, comment e).

The question of whether a covenant of this nature runs with the land presents many problems, which we need not decide now. There is a question as to whether it touches or concerns the land (see *Neponsit Property Owners' Assn.* v. *Emigrant Ind. Sav. Bank,* 278 N. Y. 248). In the case cited the agreement to pay a fixed annual charge was for the benefit of all land in the area, including the defendant's. Here it is to be noted that the covenant does not concern the use of the Ettinger land as such, but is one to furnish an accessory to plaintiff's use of its land. For this the owner of defendant's land was to receive a fixed number of dollars not for some use of or control over defendant's land, but for heat — a personal property or service. To illustrate, I see no reason why the present covenant could not be fulfilled by delivery of heat from a source other than the adjoining land, for instance, by delivery from a utility company's line in the street. We have heretofore held that a

similar covenant was personal in nature (*Zemel* v. *1016 Corp.*, 277 App. Div. 1098). The present covenant is affirmative in nature and grants no easement (cf. *Miller* v. *Clary*, 210 N. Y. 127, *supra*). It might impose such a restriction on alienability to make its enforcement as one running with the land against public policy.

But, as noted, these matters are not required to be decided at this time. There is, however, a present question as to whether the covenant may be enforced in equity, or whether an adequate remedy at law exists. This it seems to me should await trial. There are many equitable considerations which may affect that question, such as the comparative burden placed on the parties, possible inequality of provisions of the covenant as to duration, the feasibility of erecting a heating plant in the stores, etc. These can best be resolved upon the trial.

The complaint would seem sufficient as to Dora Ettinger. Therefore, I vote to affirm as to her.

As to Max Ettinger, I vote to reverse the order appealed from and to dismiss the complaint. The only allegation against him is that he advised his wife not to deliver the heat. As the agent for a disclosed principal, he would not seem liable on the basis of the present complaint. This defendant did not make the covenant sought to be enforced herein, and he is not a proper party even in equity.

BREITEL and BOTEIN, JJ., concur with DORE, J. P.; CALLAHAN, J., dissents in part in opinion in which BERGAN, J., concurs.

Order affirmed, with $20 costs and disbursements to the respondent. [See *post*, p. 871.]