FREDERICK A. NICHOLSON et al., Appellants, v. 300 BROADWAY REALTY CORPORATION, Respondent.

Third Department, December 10, 1958.

*Cogan & Cogan* (*John R. Davison* of counsel), for appellants.

*Arthur J. Harvey* for respondent.

HERLIHY, J. The following facts are those alleged in the complaint and must be accepted as true for purposes of the motion to dismiss.

In 1929 The Embossing Company and Aaron Nicholson owned adjoining properties now owned by defendant and plaintiffs. On October 7, 1929 Embossing and Nicholson entered into an agreement by which Nicholson consented to the construction and maintenance of a D. and H. switch track to Embossing's premises, such consent being "necessary to such construction and maintenance, use and operation of said branch switch track", and Embossing agreed among other things: " to furnish steam heat to the party of the second part for the proper heating of the building in which the party of the second part conducts his machine shop * * * and to furnish and maintain all necessary steam pipes and return pipes for that purpose up to the building of the party of the second part * * * and said party of the first part agrees to furnish to the party of the second part, thru [sic] said steam pipes and return pipes, sufficient pressure of steam to properly heat the machine shop of the said party of the second part " conditioned upon the payment of $50 by Nicholson within 30 days of April 1 of each year. The agreement further provided: " This agreement applies to and is binding upon the heirs, executors, administrators and assigns of each of the parties hereto."

Plaintiffs are " the lawful successors in interest " to Nicholson. On March 1, 1956 Jack Spitzer, acting on behalf of defendant corporation which he was about to incorporate with another, contracted to buy Embossing's premises, agreeing in the contract to perform the obligations of Embossing under the 1929 agreement. Subsequently Spitzer assigned the contract for no consideration to Betty Thompson who took a deed to the premises in which she agreed to perform the covenant above quoted, the consideration for the deed being paid by defendant. Betty Thompson thereupon sold the premises to defendant which took the same with knowledge of the covenant but without assuming its duties expressly by deed. Betty Thompson performed all these acts as agent of defendant and solely for the purpose of

exempting defendant from the duty of performing the covenant. Defendant has refused to supply heat to plaintiffs who have been forced to expend $6,000 to install a heating system and will be forced to expend sums in the future to provide heat. Plaintiffs request an injunction directing defendant to supply heat pursuant to the agreement and damages for the failure to supply heat.

The lower court held that the covenant neither runs with the land nor is enforcible in equity as an equitable servitude or easement. (*Miller* v. *Clary,* 210 N. Y. 127; *Neponsit Property Owners' Assn.* v. *Emigrant Ind. Sav. Bank,* 278 N. Y. 248.)

In the *Miller* case, the original owner of the lands of the defendant had sold adjoining property to others in which he agreed to furnish not more than 15 horse power from a wheel on his property to the machinery of the purchaser, to run a shaft from the wheel to the property of the purchaser and to keep the wheel in good condition. The assignee of the purchaser sued to force the assignee of the seller to construct a shaft from the wheel to his property in accordance with the terms of the conveyance. The court held that the right to take power from the wheel was an easement and was a privilege necessary and convenient to the complete enjoyment of the property of the purchaser but, said the court (p. 136): " it is not necessary, or even convenient, to the complete enjoyment of the * * * property [of the purchaser] that the defendants should construct and maintain the shaft by which the power is transmitted ".

The court further said at page 132: " The covenant to construct and maintain the shaft is known in the law as an affirmative or positive covenant. It compels the covenantor to submit not merely to some restriction in the use of his property, but compels him to do an act thereon for the benefit of the owner of the dominant estate."

And again at page 134: " On the other hand, it has been held in this state that certain positive covenants, which are mainly in line with the covenants excepted by the English courts from the rule adopted there, do run with the land. As, covenants to build fences along boundary lines * * *; covenants relating to party walls * * *; covenants to provide railway crossings * * *; covenants in leases to pay rent or repair buildings on the demised premises ".

The court further said at page 136: " I think the rule that affirmative covenants accompanying conveyances of land are not enforceable against subsequent owners is a wise one. It has its limitations as has been seen, and may require further limitation; but the present case is one in which the rule should be applied."

In *Neponsit Property Owners' Assn.* v. *Emigrant Ind. Sav. Bank* (278 N. Y. 248 *supra*) a realty company had sold land to the defendant's predecessor who had covenanted in the deed to pay an annual charge to be devoted to the maintenance of roads, parks, beaches, sewers and other public services of the entire development with the privilege of assigning the rights to a membership corporation composed of the property owners of the development or subdivision. The plaintiff was the corporation. The court said at page 260: " It is plain that any distinction or definition which would exclude such a covenant from the classification of covenants which ' touch ' or ' concern ' the land would be based on form and not on substance."

And again at page 262: " In substance if not in form the covenant is a restrictive covenant which touches and concerns the defendant's land, and in substance, if not in form, there is privity of estate between the plaintiff and the defendant."

And at page 256, the court said: " ' It has been found impossible to state any absolute tests to determine what covenants touch and concern land and what do not. The question is one for the court to determine in the exercise of its best judgment upon the facts of each case.' (Clark, *op. cit.* [Covenants and Interests Running with Land] p. 76.) "

The appellants rely upon *Atlas Land Corp.* v. *Ettinger* (283 App. Div. 379) and *Zemel* v. *1616 Corp.* (277 App. Div. 1098) but there is nothing in those cases inconsistent with the decision herein.

In the *Zemel* case, a contract provided for payment of a substantial sum for connecting steam and hot water lines and the cost of maintenance and fuel to be borne between the parties on the basis of one-third—two-thirds. In the event of a sale it was subject to the agreement and it could be terminated in the event of condemnation of the premises. The court found that the agreement was personal and did not run with the land.

In the *Atlas* case, there was a covenant in the deed to furnish heat to an adjoining building as long as heat was supplied to the premises subject to the burden. It further provided for the payment of the sum of $300 yearly with the privilege to the owner of the building receiving the benefit to cancel upon three months' written notice. There the suit did not seek to enforce the covenant against subsequent purchasers from the original grantee, Ettinger, and further stated that there was no perpetuity involved.

A covenant imposes a burden and confers a benefit. There should be a fairness and equity between the burden and the bene-

fit. The burden must not be too oppressive upon the land nor the benefit too gainful. (*Schultheis* v. *Wohlleb,* 231 App. Div. 851.)

If *Neponsit* qualified or limited the rule in *Miller,* the facts herein do not come within the exception.

Here the covenant does not meet the test. It is unlimited in time. There is no fair proportion between the amount to be paid by plaintiff and the actual cost of heating.

Appellant does not argue that the complaint pleads a contractual obligation undertaken by the defendant through agency or otherwise separable from the liability arising under the covenant.

The order and judgment appealed from should be affirmed.

BERGAN, J. P., GIBSON and REYNOLDS, JJ., concur.

Order and judgment affirmed, with $10 costs.